IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE COREA FIRM PLLC and | § | |
| | § | |
| THOMAS M. COREA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CA NO. 3:11-CV-790 |
| | § | |
| AMERICAN ASSET FINANCE, LLC, | § | |
| TIMOTHY J. FOLEY, SHERRY L. | § | |
| FOLEY, and FOLEY & FOLEY, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT AAF'S MOTION TO DISMISS AND SUPPORTING
MEMORANDUM OF LAW**

Defendant American Asset Finance, L.L.C. ("AAF"), files this Motion to Dismiss the Original Petition of The Corea Firm, P.L.L.C. and Thomas M. Corea (collectively "Corea") for improper venue pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3), and in support hereof states as follows:

**INTRODUCTION**

Corea's complaint should not be before this Court. Pursuant to Corea's contract with AAF, any claims Corea wishes to assert arising out of the Parties' agreements can be litigated only in the Superior Court of New Jersey, Passaic County. Because Plaintiffs' entire complaint is predicated on allegations concerning the Parties' agreement, which agreement contains a mandatory forum selection provision making venue exclusive in the state court of New Jersey, this action should not proceed here, but rather should be dismissed.

## RELEVANT FACTUAL BACKGROUND

1. This case was timely removed on diversity grounds from the County Court at Law No. 1, Dallas County, Texas on April 18, 2011, contemporaneously with the filing of this Motion to Dismiss.

2. On March 15, 2011, Defendant AAF filed an original proceeding in the Superior Court of New Jersey, Passaic County, New Jersey, styled "*American Asset Finance, L.L.C. v. The Corea Firm, PLLC and Thomas M. Corea, Esq.*," Cause No. PAS-L-1309-11 ("the NJ Case"). *Affidavit of Timothy J. Foley ("Foley Affidavit"),* ¶ 3, attached hereto as Exhibit A. A true and correct copy of the Complaint filed in the NJ Case, without exhibits, is attached to the *Foley Affidavit* as Exhibit A and incorporated herein for all purposes.

3. On March 22, 2011, the Hon. Thomas Brogan signed an Order to Show Cause with Temporary Restraints in the NJ Case, requiring that The Corea Firm, PLLC and Thomas M. Corea, Esq. (collectively "Corea") appear and show cause why Corea should not be ordered to, among other things, deposit $90,000.00 with the court. *Foley Affidavit* ¶ 4. A true and correct copy of the Order to Show Cause is attached to the *Foley Affidavit* as Exhibit B and incorporated herein for all purposes.

4. After being served with the Order to Show Cause, on March 24, 2011, Plaintiffs filed this suit in Dallas County court at law, now removed to this Court. *Foley Affidavit,* ¶ 5.

5. AAF and Corea had entered into an agreement on January 7, 2011 (the "Wright Agreement"), whereby Corea agreed to sell and AAF agreed to purchase a portion of Corea's interest in a lump-sum settlement in a personal injury lawsuit in which Corea served as plaintiffs' counsel. *Foley Affidavit* ¶ 6. A true and correct copy of the Wright Agreement is attached as Exhibit C to the *Foley Affidavit* and incorporated herein for all purposes.

6.     The Wright Agreement contains the following clear and conspicuous forum selection clause:

> "**Governing Law and Forum**:  This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey, without giving effect to conflict of laws.  You and I agree and consent to the exclusive jurisdiction of the Superior Court of New Jersey, Passaic County, and to waive trial by jury for any claim that arises hereunder."

*Foley Affidavit, ¶ 7*, and Exhibit C, Page 4, Paragraph 7.

7.     Because the Parties' forum selection clause unambiguously provides that the underlying claims are subject to the exclusive jurisdiction of the Superior Court of New Jersey, Passaic County, they should be dismissed by this Court pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).

## ARGUMENT

**I.     THE PARTIES' EXCLUSIVE VENUE AGREEMENT REQUIRES DISMISSAL OF COREA'S COMPLAINT**

Federal Rule of Civil Procedure 12(b)(3) provides parties with the opportunity to assert the defense of improper venue by motion.  In the Fifth Circuit, a valid forum selection clause designating a forum other than the one in which the case was filed "divest[s] the district court of jurisdiction" over the plaintiff's claims. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (affirming dismissal of a claim under Rule 12(b)(3)).  Accordingly, where a valid forum selection clause designates another court as the exclusive venue for litigation, dismissal under Federal Rule of Civil Procedure 12(b)(3) is proper. *See, e.g., id.; Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) ("[O]ur court has treated a motion to dismiss based on a forum selection clause as properly brought under Rule 12(b)(3)").[1]  In *Int'l*

---

[1] *See also MaxEN Capital, LLC v. Sutherland*, No. H-08-3590, 2009 WL 936895 at **4, 8 (S.D. Tex. Apr. 3, 2009) (dismissing case under 12(b)(3) where the forum selection clause required

**DEFENDANT AAF'S MOTION TO DISMISS** – Page 3

*Software Sys., Inc. v. Amplicon,* 77 F.3d 112 (5th Cir. 1996), the Fifth Circuit, on facts similar to this case, affirmed dismissal of an action removed on diversity grounds for improper venue because of the parties' mandatory venue clause. Correctly applying *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Fifth Circuit held that forum selection clause are *prima facie* valid and enforceable and should be enforced absent a showing that enforcement would be unreasonable or unjust. *Id.,* at 114.

Because the Parties have agreed to litigate exclusively in a different forum, the Northern District of Texas is the "wrong venue" for this action. *MaxEN Capital*, 2009 WL 936895 at *8. Once a defendant has brought a motion to dismiss for improper venue under Rule 12(b)(3), "the burden of sustaining the venue rests with the Plaintiff." *Laserdynamics,* 209 F.R.D. at 390. This burden is difficult to sustain: "Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a 'heavy burden of proof.'" *Ginter v. elcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)). Because the forum selection clause in the Parties' agreement is mandatory and Corea's claims are within the scope of the forum selection clause, Corea cannot carry the heavy burden of proving unenforceability and their action should be dismissed.

---

any claims to be brought in Virginia federal or state courts); *Greer v. 1-800- Flowers.com, Inc.*, No. H-07-2543, 2007 WL 3102178, at **1, 3 (S.D. Tex. Oct. 3, 2007) (dismissing case under 12(b)(3) where the forum selection clause required any claims to be brought in New York federal or state courts); *Laserdynamics, Inc. v. Acer America Corp.*, 209 F.R.D. 388, 391-92 (S.D. Tex. 2002) (dismissing case under 12(b)(3) where the forum selection clause required any claims to be brought in California federal or state courts).

A.  **The Parties' Mandatory Forum Selection Clause Applies To Corea's Claims.**

The forum selection clause in the Wright Agreement accepted and signed by Corea states "You and I agree and consent to the **exclusive jurisdiction** of the Superior Court of New Jersey, Passaic County, and to waive trial by jury for **any claim that arises hereunder**." *Foley Affidavit,* Exhibit C, Page 4, paragraph 7. The "exclusive" language makes the clause mandatory, not optional, in determining the appropriate venue. *See*, *e.g.*, *Park Place LX of Texas, Ltd. v. Market Scan Information Systems, Inc.*, No. 3:04-CV-0105-H, 2004 WL 524944, at *2 (N.D. Tex. Mar. 17, 2004) (holding a forum selection clause stating a specific forum is the "exclusive" place to resolve disputes to be mandatory and thus enforceable). Every action Corea complains about occurs in connection with AAF's contract, securitization and enforcement of its contract, its collection attempts under the contract, and/or its communications with other lenders and potential lenders regarding AAF's contract security. Moreover, Corea's complaints regarding interference with business relations arise from AAF's filing of UCC-1 Financing Statements related to its contract security. *Foley Affidavit* ¶¶ 9-11, 13-20 and 24, and *Original Petition*, Counts Seventeen, Eighteen and Twenty, pp. 19-22. A true and correct certified copy of the Plaintiffs' Original Petition is attached hereto as Exhibit B. Because it "arises" from the Wright Agreement, Corea's Petition is within the scope of the Parties' mandatory forum selection clause.

B.  **The Parties' Forum Selection Clause Is Presumptively Valid And Should Be Enforced.**

To overcome the presumption of validity, a plaintiff must clearly show (1) the forum selection clause was "the product of fraud or overreaching;" (2) litigation in the forum will be so inconvenient as to deprive plaintiff of its day in court; (3) the chosen law is fundamentally unfair

and will deprive the plaintiff of a remedy; or (4) enforcement of the clause would "contravene a strong public policy of the forum state." *Haynsworth*, 121 F.3d at 963 (citations omitted). Corea cannot meet any of these tests. Corea cannot show that the forum selection clause was entered into by fraud or overreaching. To show fraud, Corea would have to prove fraud in the inducement of the forum selection clause, which it has not and cannot do. *MaxEn Capital*, 2009 WL 936895 at *7. Nor can Corea prove overreaching, which "'results from an inequality of bargaining power or other circumstances in which there is an absence of meaningful choice on the part of one of the parties.'" *Id.* at *8 (quoting *Haynsworth*, 121 F.3d at 965 n.17). This extreme degree of inequality of bargaining power does not exist here. *See*, *e.g.*, *Braspetro Oil Services Company. V. Modec (USA)*, 240 Fed. Appx. 612, 618 (5th Cir. 2007) (considering sophistication of the parties in enforcing a forum selection clause); *Hartash Construction, Inc. v. Drury Inns Inc.*, 252 F.3d 436, 2001 WL 361109, **3-4 (5th Cir. 2001) (same). Thomas M. Corea is a lawyer, and according to their own allegations, Corea is a "well known member of the legal community" engaged in "expansion of its litigation business." *Original Petition*, pp. 19-20. Corea also cannot argue that the forum selection clause is invalid for overreaching because it did not have an opportunity to negotiate its terms. *See Haynsworth*, 121 F.3d at 965 (finding that a forum election clause in an adhesion contract was not *per se* unenforceable). In fact, Corea had solicited funds from AAF in New Jersey and entered two prior agreements with AAF. *Foley Affidavit* ¶ 8. Corea also cannot meet the substantial burden of proving that litigating in the contractually-selected forum would be so inconvenient as to deprive it of its day in court. *See, e.g., Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 596-97 (1991) (upholding validity of forum selection clause in a form contract that required an elderly Washington State resident injured in Panama to litigate in Florida, with which she had no other contact). In *Hartash*

*Construction*, for example, the Fifth Circuit affirmed dismissal based on a forum selection clause that required the parties to litigate their claims in Missouri, holding that "the inconvenience of trying a case in one state versus another is insufficient to invalidate a forum-selection clause." 2001 WL 361109 at *2. Any inconvenience in requiring Corea to litigate in New Jersey is insufficient to invalidate the Parties' valid forum selection clause. Corea has already been sued in New Jersey and that court has entered injunctive relief against Corea. *Foley Affidavit,* ¶¶ 3-4. Moreover, Corea could have foreseen any inconvenience when it agreed to the contract with its mandatory venue provision. *E.g.*, *Hartash Construction*, 2001 WL 361109 at *2 (enforcing a forum selection clause requiring a Louisiana resident to litigate claims in Missouri because burdens of litigation were foreseeable at the time the contract was signed); *see also Carnival Cruise Lines*, 499 U.S. at 594 (plaintiffs were compensated for any inconvenience by receiving the reduced fares the cruise line could offer by limiting the fora in which it could be sued). Litigating this matter in New Jersey would not deprive Corea of their day in court. Application of New Jersey law, as specified in the Wright Agreement, is also not fundamentally unfair. Even if certain of Corea's remaining causes of action could be argued to arise under Texas law, which Defendants dispute, they have remedies in New Jersey and enforcement of the clause is not fundamentally unfair. *See*, *e.g.*, *Alternative Delivery Solutions, Ind. v. R.R. Donnelley & Sons Co.*, No. SA05CA0172-XR, 2005 WL 1862631, *14 (W.D. Tex. Jul. 8, 2005). In *Alternative Delivery Solutions*, the Court held that not having "the same remedies" in Mexico as in an American forum does not deprive the plaintiff of its day in court. *Id*. Here, the differences in laws between the states would be far less extreme than between Mexico and an American forum.

   Finally, enforcement of the forum selection clause in this case does not contravene any strong public policy of the State of Texas. Ordering a plaintiff to pursue claims in a court other

than where it filed suit does not violate public policy. *E.g., Laserdynamics.*, 209 F.R.D. at 391 (dismissing action where enforcing the forum selection clause does not "frustrate[] a stout public policy."). In *Laserdynamics*, the Court enforced a forum selection clause requiring the parties to litigate in federal or state court in California, finding that doing so does not violate any public policies in Texas. *Id*. Because Corea cannot satisfy its heavy burden of proving that the forum selection clause should not be enforced, its action should be dismissed.

## CONCLUSION

Because Corea entered a valid and binding contract with AAF that contains a mandatory New Jersey state court forum selection clause, the Parties' contract should be honored and this action should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

WHEREFORE Defendants American Asset Finance, L.L.C., respectfully prays that this Court dismiss the Plaintiffs' claims in all things, for it's attorney fees, and for such other and further relief to which it may be entitled.

April 18, 2011

Respectfully Submitted,

_____/s/ Amy Ganci_____
**AMY B. GANCI,** State Bar No. 07611600
aganci@ganciskinner.com
**ELLEN SKINNER,** State Bar No. 24033075
eskinner@ganciskinner.com

**GANCI & SKINNER, LLP**
3811 Turtle Creek Blvd, Suite 1900
Dallas, Texas 75219
Telephone: (214) 443-6001
Facsimile: (214) 580-7566

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2011, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, April 18, 2011.

s/ Amy B. Ganci
Amy B. Ganci
