IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE COREA FIRM PLLC and | § | |
| | § | |
| THOMAS M. COREA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CA NO. 3:11-CV-790 |
| | § | |
| AMERICAN ASSET FINANCE, LLC, | § | |
| TIMOTHY J. FOLEY, SHERRY L. | § | |
| FOLEY, and FOLEY & FOLEY, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT FOLEY & FOLEY'S MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW**

Defendant Foley & Foley ("F&F"), files this Motion to Dismiss for lack or personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), together with its Supporting Memorandum of Law. F&F is not a resident of Texas and lacks sufficient contacts with Texas to give rise to either specific or general jurisdiction. Further, the imposition of personal jurisdiction over F&F by a court in Texas would offend traditional notions of fair play and substantial justice. In support of this Motion F&F respectfully shows as follows:

**Grounds for Dismissal**

1.     There are virtually no jurisdictional allegations relating to F&F in Plaintiffs' Original Petition ("Original Petition"). Indeed, Plaintiffs concede in Paragraph 9 of the Original Petition that F&F does not maintain a regular place of business nor agent for service in Texas. Plaintiffs only conclusorily state F&F engages or has engaged in business in the state – allegations F&F denies. A true and correct certified copy of the Plaintiffs' Original Petition is attached hereto as Exhibit A.

FOLEY & FOLEY'S MOTION TO DISMISS – Page 1

2. F&F is a general partnership formed under the laws of the State of New Jersey. F&F's domicile and principal place of business are in New Jersey and its only partners are residents and citizens of New Jersey. *Affidavit of Timothy Foley* ¶ 25, attached hereto as Exhibit B

3. F&F maintains no offices, address, or telephone number in Texas, nor does it have a bank account or own any property in Texas. It has no designated agent for service of process in Texas, and it has never filed the necessary application to become a Texas partnership. F&F's general partners are attorneys licensed to practice law in the State of New Jersey and elsewhere, but not in Texas. F&F has no business or other reason to travel to Texas, and any travel to Texas in connection with this lawsuit would be a significant inconvenience and burden contrary to requirements of fair play and substantial justice. *Affidavit of Timothy Foley* ¶ 26.

3. The contract out of which the claims appear to have arisen was made in New Jersey and is to be governed by New Jersey law. *Affidavit of Timothy Foley* ¶¶ 7-8. The alleged third party investor/lenders Plaintiffs claim were interfered with are not located in Texas. *See Affidavits of Peter Speziale* and *Paul Iacovacci*, (verifications denoting state) attached hereto as Exhibits C and D respectively.

4. Other than represent AAF in connection with the NJ Case, F&F has had no contact with Corea and has had no contact with any third party relative to Counts Three through Twenty Nine of the Original Petition.[1] *Affidavit of Timothy Foley* ¶ 27.

5. F&F seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2).

## ARGUMENT AND AUTHORITY

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), cert. denied, 513 U.S. 930 (1994); *Stuart v.*

---

[1] There does not appear to be a Count Nineteen of the Original Petition

*Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545-46 (5th Cir. 1985). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Command-Aire Corp. v. Ontario Mechanical Sales & Serv., Inc.*, 963 F.2d 90, 95 (5th Cir. 1992). Allegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendants' affidavits. *Wyatt v. Kaplan*, 686 F.2d 276, 282-83 n. 13 (5th Cir. 1982), (*citing Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of the plaintiff for the purposes of determining whether a prima facie case exists. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.), cert. denied, 506 U.S. 867 (1992); *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

In a diversity action such as the instant case, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. *Wilson*, 20 F.3d at 646-47; *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1166 (5th Cir. 1985) (*quoting Smith v. DeWalt Prods. Corp.*, 743 F.2d 277, 278 (5th Cir. 1984)). Since the Texas long-arm statute has been interpreted as extending to the limits of due process, the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. *Bullion*, 895 F.2d at 216; *Stuart*, 772 F.2d at 1189. For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the

defendant does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 63 (1940)).  No personal jurisdiction exists *unless* F&F purposefully availed itself of the  rivilege of conducting activities within the forum state and thus invoked the benefits and protections of its laws.  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. *Bullion*, 895 F.2d at 216.  For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  If the controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general jurisdiction may be exercised only when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction.  *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984); *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 779 (1984); *Perkins v. Benguet Consol. Mining Co*., 342 U.S. 437 (1952).  When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. *Jones*, 954 F.2d at 1068.

The second prong of the due process analysis is whether exercise of jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice. *International Shoe*, 326 U.S. at 316.  In determining whether the exercise of jurisdiction would be reasonable such that it does not offend traditional notions of fair play and substantial justice, the Supreme Court has instructed that courts look to the following factors: (1) the burden on the

defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) shared interest of the several states in furthering fundamental substantive social policies. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987) (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

None of the Corea claims involving F&F appear to arise out of or relate to any purposeful contact F&F may have had with Texas.  F&F has averred it has not had contacts in Texas and the tort allegations as pled appear related to alleged interference with Corea's other non-Texas business relations.  *See Affidavits of Paul Iacovacci and Peter Speziale*, Exhibits C and D respectively.  The Wright Agreement, at issue in this case, was made in New Jersey and is to be construed under the laws of the State of New Jersey.  *Affidavit of Timothy J. Foley ¶¶* 6-8.  Assuming *arguendo* Corea claims F&F's allegedly tortious acts caused harm in Texas, this too is insufficient to confer jurisdiction.  *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999) ("Foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum."). The "foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id., citing Burger King*, 471 U.S. at 474 (emphasis added).  As found in *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d  865 (5th Cir. 2001), "if we were to accept Appellants' arguments, a nonresident defendant would be subject to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts, and would have to appear in Texas to defend the suit "no matter how groundless or frivolous the suit may be." *Panda,* 253 F.2d at 870.  Corea's conclusory allegations are no different.

## CONCLUSION

Corea can establish no basis for general or specific jurisdiction over F&F in Texas and their claims should be in all things dismissed.

WHEREFORE Defendant Foley & Foley, respectfully prays that this Court dismiss the Plaintiffs' claims in all things, for its attorney fees, and for such other and further relief to which it may be entitled.

April 18, 2011

          Respectfully Submitted,

          _____/s/ Amy Ganci_____
          **AMY B. GANCI,** State Bar No. 07611600
          aganci@ganciskinner.com
          **ELLEN SKINNER,** State Bar No. 24033075
          eskinner@ganciskinner.com

          **GANCI & SKINNER, LLP**
          3811 Turtle Creek Blvd, Suite 1900
          Dallas, Texas 75219
          Telephone: (214) 443-6001
          Facsimile:  (214) 580-7566

          **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2011, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, April 18, 2011.

                                          s/ Amy B. Ganci
                                          Amy B. Ganci