IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE COREA FIRM PLLC and | § | |
| | § | |
| THOMAS M. COREA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CA NO. ____________ |
| | § | |
| AMERICAN ASSET FINANCE, LLC, TIMOTHY J. FOLEY, SHERRY L. FOLEY, and FOLEY & FOLEY, | § | |
| | § | |
| Defendants. | § | |

**AFFIDAVIT OF TIMOTHY J. FOLEY**

Before me, the undersigned authority on this day appeared Timothy J. Foley, known by me to be the person whose name is signed herein below, who being duly sworn, upon his oath stated as follows:

1) My name is Timothy J. Foley. I am an adult, competent to make this Affidavit, and have personal knowledge of the facts and statements contained herein, which are true and correct.

2) I am President of a limited liability company known as American Asset Finance, L.L.C. (hereafter "AAF"), a Defendant herein. AAF was formed in and is organized under the laws of the State of New Jersey and has its principal place of business in New Jersey.

30 On March 15, 2011, AAF filed an original proceeding in the Superior Court of New Jersey, Law Division, Passaic County, New Jersey, styled "*American Asset Finance, L.L.C. v. The Corea Firm, PLLC and Thomas M. Corea, Esq.,*" Cause No. PAS-L-1309-11 ("the NJ

Case"). A true and correct copy of the Complaint filed in the NJ Case, without exhibits, is attached hereto as Exhibit A.

4) On March 22, 2011, the Hon. Thomas Brogan signed an Order to Show Cause with Temporary Restraints in the NJ Case, requiring that The Corea Firm, PLLC and Thomas M. Corea, Esq. (collectively "Corea") appear and show cause why Corea should not be ordered to, among other things, deposit $90,000.00 with the court. A true and correct copy of the Order to Show Cause is attached hereto as Exhibit B and incorporated herein for all purposes.

5) After being served with the Order to Show Cause, on March 24, 2011, Plaintiffs filed this suit in Dallas County Court at Law, now removed to this Court. Plaintiffs had previously threatened to sue AAF in a Texas state court. Plaintiffs served AAF and Foley & Foley through the Texas Secretary of State. The remaining Defendants, myself personally and my wife Sherry L. Foley, have not been served.

6) AAF and Corea had entered into an agreement on January 7, 2011 (the "Wright Agreement"), whereby Corea agreed to sell and AAF agreed to purchase a portion of Corea's interest in a lump-sum settlement in a personal injury lawsuit in which Corea served as plaintiffs' counsel. The Wright Agreement consists of an Assignment of Interest in Settlement and Limited Irrevocable Power of Attorney, and related Notice of Assignment. A true and correct copy of the Wright Agreement is attached as Exhibit C hereto and incorporated herein for all purposes.

7) The Wright Agreement contains the following clear and conspicuous forum selection clause:

"**Governing Law and Forum**: This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey, without giving effect to conflict of laws. You and I agree and consent to the exclusive jurisdiction of the Superior Court of New Jersey, Passaic County, and to waive trial by jury for any claim that arises hereunder."

Exhibit C, Page 4, ¶ 7.

8) Corea solicited AAF in New Jersey many times seeking to do business with AAF and had entered into two prior agreements with AAF in New Jersey. Corea signed the Wright Agreement and forwarded it to AAF in New Jersey. AAF last signed the Wright Agreement on January 7, 2011, in Passaic County, New Jersey. Corea has had numerous phone calls and correspondence with members of AAF in New Jersey.

9) Prior to January 7, 2011, Corea, acting as counsel for plaintiff, settled the matter entitled *Howard Wright, Individually and on Behalf of the Estate of Hale Wright v. HealthSouth Corporation, et al.*, in the District Court of Tarrant County, Texas, 141st Judicial District, Cause No. 141-241429-09, for $225,000.00. Corea contacted AAF seeking to sell the portion of the settlement proceeds due to Corea for attorney's fees and disbursements in the amount of $90,000.00. On January 7, 2011, Corea entered into the Wright Agreement with AAF whereby he sold and assigned a portion of Corea's interest in that lump-sum settlement to AAF. This $225,000.00 settlement is the only settlement Defendants are aware of which has funded or which is the subject of the parties' litigation.

10) In addition to transferring ownership of a portion of the attorneys fees to AAF, Corea agreed that they would not "enter into any further assignments of the Property" without AAF's express consent. *See* Exhibit C, Page 2, Paragraph 2(a).

11) Corea further agreed that AAF would file a UCC-1 securing AAF's right to the assigned property and providing AAF with a "first priority security interest in the event" that Corea breached the contract. Exhibit C, Page 5, Paragraph 14. Pursuant to that paragraph of the Agreement, AAF filed a UCC-1 on January 7, 2011. A copy of the UCC-1 is attached as Exhibit D.

12) As indicated above, as part of the Wright Agreement, Corea executed a Notice of Assignment, Exhibit C, Pages 7 through 9.

13) On January 13, 2011, an employee of Rapid Funds, a company in the same business as AAF, called and told me that Corea had contacted his company about assigning to them the same interest that Corea assigned to AAF less than a week earlier. He further informed me that when he questioned Corea about AAF's UCC-1 filing, Corea provided a UCC-3 termination that Corea had filed, fraudulently terminating AAF's UCC-1. Please see Affidavit of Peter J. Speziale. Please also see copy of the UCC-3 termination filed by Corea, which is attached as Exhibit E.

14) When I confronted Corea about the fraudulent UCC termination, Corea said he was tired of the accusations and told me if I wanted to get paid that I should "shut your f*cking mouth." Corea claimed that he had never heard of RapidFunds and blamed a broker and some other funder, who he claimed were "busting his chops." When I indicated that I had the UCC in front of me, indicating clearly that it had been filed by The Corea Firm, PLLC, and also had confirmed that Corea was the one who spoke with RapidFunds, Corea became abusive. Corea claimed that the UCC-3 must have been filed by mistake. Corea then confirmed that the $225,000.00 settlement was on track to be paid on January 31, 2011, and that because the Medicare Lien had already been resolved, AAF would be paid via wire on January 31, 2011. Corea is now suing AAF, Foley & Foley ("F&F") and my wife and me contending we interfered with this $225,000.00 settlement and purporting to seek damages for the RapidFunds agreement not funding. The RapidFunds agreement on its face is valued at $75,000.00.

15) After my conversation with Corea on January 13, 2011, AAF immediately re-filed its UCC-1.

16) On January 21, 2011, Corea left a message for me demanding a return call within 10 minutes. When I returned the call, Mr. Corea told me, among other things, in the most vulgar terms to "shut your f*cking mouth," that Mr. Corea was going "to skullf*ck you in the State of Texas, you piece of sh*t," and that Mr. Corea was going "to cook your f*cking goose in Texas."

17) Later that same day, I received a call from Paul Iaccovacci, an officer with Park Funding Company, LLC. Mr. Iacovacci stated that within the past few days, Mr. Corea had personally approached his company attempting to assign his interest in the Wright matter to obtain money. See Affidavit of Paul Iacovacci.

18) I called Mr. Corea and confronted him about the fraudulent attempt to re-assign the settlement proceeds in the Wright matter, again, his interest being $90,000.00. Mr. Corea again claimed it must have been some broker. When I indicated to Corea that I had spoken directly with the representative of Park Funding and confirmed that Mr. Corea personally had made the inquiry, Mr. Corea again became belligerent, abusive, and profane. Mr. Corea threatened me personally and professionally. Mr. Corea's threats and profanity escalated until Mr. Corea hung up, then texted to never call him again.

19) On Monday, January 24, 2011, I sent an e-mail to Mr. Corea requesting confirmation that AAF would be paid directly from defense counsel. Mr. Corea replied later that day that "our agreements will be entirely honored. You can expect to receive all amounts you are entitled to thereunder no later than 5 days from that date my law firm receives its fees from the settlement funds." Based on Mr. Corea's re-affirmation of the Wright Agreement, AAF agreed to hold off taking action. See true and correct copies of e-mails dated January 24, 2011, which are attached as Exhibit F.

20) In early February 2011, apparently after receiving the Wright settlement funds, although Corea has not actually confirmed receipt, Corea claimed that the disbursement of the settlement funds was being held up by a release from Medicare. In an e-mail dated February 7, 2011, Mr. Corea indicated that he expected the issue to be wrapped up by the end of that week. He also, again, threatened to sue AAF if we dared to request information on our property from defense counsel. See a true and correct copy of the e-mail dated February 7, 2011, which is attached as Exhibit G.

21) Since February 7, 2011, AAF has requested documentation of the alleged Medicare lien holding up disbursement and an accounting for its property. Corea has repeatedly refused to account or to provide information.

22) Because Corea has refused repeated requests to account for AAF's property, AAF formally demanded immediate payment of the amount due to it pursuant to the Wright Agreement.

23) Corea has failed and refused to respond, to account, or to deliver AAF's property.

24) I have also been contacted by representatives of Peachtree Attorney Finance, L.L.C. who forwarded to me a pleading that I have confirmed they have filed against Corea in state district court in Dallas, Texas. A true and correct copy of the pleading delivered to me is attached hereto as Exhibit H. It is my understanding this filing is a public record and on behalf of AAF, I request this Court judicially notice same.

25) F&F is a general partnership formed under the laws of the State of New Jersey. F&F's domicile and principal place of business are in New Jersey and its only partners are residents and citizens of New Jersey.

26) F&F maintains no offices, address, or telephone number in Texas, nor does it have a bank account or own any property in Texas. It has no designated agent for service of process in Texas, and it has never filed the necessary application to become a Texas partnership. F&F's general partners are attorneys licensed to practice law in the State of New Jersey and elsewhere, but not in Texas. F&F has no business or other reason to travel to Texas, and any travel to Texas in connection with this lawsuit would be a significant inconvenience and burden contrary to requirements of fair play and substantial justice.

27) Other than represent AAF in connection with the NJ Case, F&F has had no contact with Corea and has had no contact with any third party relative to Counts Three through Twenty Nine of the Original Petition.[1]

FURTHER Affiant saith not.

4/18/11
TIMOTHY J. FOLEY

Given under my hand and seal this 18th day of April, 2011. Notary public for the State of New Jersey.

Notary Public, State of New Jersey

AMY B. GACCIONE
A Notary Public of New Jersey
My Commission Expires:
January 28, 2012

/SEAL/

[1] There does not appear to be a Count Nineteen of the Original Petition