Attorney  Schedule A

## SETTLEMENT SUMMARY SHEET

<u>Attorney</u>: Please complete Parts A through C and initial this Schedule A where indicated at the end of this Schedule (see page 2 below).

**Part A: Claim-Related Information:**

1. Claimant Information
   Claimant: Howard Wright / Hoke Wright
   Address: 2505 Inverrary Drive
   Ennis, TX 75119

2. Defendant: HealthSouth Inc.

3. If different from Defendant, name of insurance company responsible for paying the Settlement Amount:
   Self-Insured Hospital Corp.

4. Defendant/Insurance Company Claim No. N/A

5. Insurance Company Adjustor Name:* N/A
   Insurance Company Adjustor Telephone Number:* N/A

6. Defendant/Insurance Company Attorney Name:* Jonathan LeMondola, Esq.
   Defendant/Insurance Company Telephone Number:* 214-220-5208

* Modeso may use this information to contact the Insurance Company Adjustor and/or Defendant Insurance Company Attorney if, and only if, Modeso has not received the Assignment Amount within ___ days of the Settlement Date.

7. Settlement Date: 12-29-10 — Fund on: 1-31-11

8. Settlement Amount: 225,000    Dollars ($ 225,000.00 )

**Part B: Attorney Information:**

1. Contact and Related Information

Name of Firm: The Corea Firm, PLLC   Federal Tax Identification Number: ▓▓▓▓▓▓▓

Name of primary Attorney(s) at firm representing Claimant in connection with Claim: Thomas M. Corea

Attorney's File No. for Claim: 111164

Address: 1201 Elm St. 41st Floor, Dallas, TX 75270

Nature of Firm (e.g. LLP, professional corporation): PLLC

Jurisdiction of Formation of Firm: Texas

Telephone Number: 214-953-3900
Telecopier Number: 214-953-3901
Cellular Number: 214-770-8796
Email Address: tcorea@corealaw.com

Professional Liability Carrier: Travelers

Limits of Liability: $2,000,000 per occ.

2. Attorney Fees in connection with the Claim (including all contingency and other fees, but excluding reimbursable expenses):

Ninety-thousand dollars   Dollars ($ 90,000.00 )

3. Amount Requested to be Accelerated:

Seventy-five thousand dollars   Dollars ($ 75,000.00 )

**Part C: Form of Payment Election:**

☐ Attorney elects to receive payment of the Consideration by check.

☒ Attorney elects to receive payment of the Consideration by wire transfer into the account referenced below (a charge of $25 for such wire transfer shall be deducted from the Consideration by Modeso).

Attorney Escrow or Trust Account Information (complete if payment by wire transfer is elected):

Bank: JP Morgan Chase   Account Name: The Corea Firm PLLC Res Acct
Bank Address: 1413 Main St.   ABA No.: ▓▓▓▓▓▓▓
City: Dallas   Account No.: ▓▓▓▓▓▓▓
State: TX   Zip: 75203
Reference: The Corea Firm, PLLC

### TO BE COMPLETED BY MODESO

**Part D: Assigned Amount & Consideration:**

1. Assigned Amount:_____Dollars ($_____),
   representing _____ percent (_____%) of the Settlement Amount (may not exceed the percentage of the Settlement Amount represented by the Attorney Fees)

2. Consideration:_____Dollars ($_____)

**Parties' Initials** The Parties hereby acknowledge their review of Parts A through E of this <u>Schedule A</u> as completed by the appropriate parties:

Attorney: _[signature]_           Modeso:_____

*Schedule B*

## SCHEDULE OF LIENS

Part 1: Claimant Liens.

The Claimant's interest in the Claim is subject to the following claims, liens and/or other encumbrances (collectively, "Liens"):

| Lienholder | Value of Lien | Description of Lien |
|---|---|---|
| None | $ | |
| | $ | |
| | $ | |

Part 2: Attorney Liens.

The fees payable to Attorney in respect of the Claim are subject to the following claims, liens and/or other encumbrances (collectively, "Liens"):

| Lienholder | Value of Lien | Description of Lien |
|---|---|---|
| None | $ | |
| | $ | |

## SCHEDULE OF DISBURSEMENTS

The following disbursements and other expenses are to be reimbursed to Attorney (whether on Attorney's own behalf or on behalf of one or more third-party providers) out of the Settlement Amount:

| Disbursement/Expense | Amount |
|---|---|
| See attached statement | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
| **Total** | $ |

Page 1 of 1

## COSTS AND EXPENSES

CLIENT: Wright

CLIENT/MATTER NO. 4034

| DATE | CHECK NO. | PAYEE | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| 09.29.08 | --- | MEDICARE LIEN | $49,555.14 | |
| | | Certified Mail No. 7003 3110 0005 7942 2220 | Notice of Claim Letter to Healthsouth Arlington | $5.49 |
| 10/15/08 | VOID - 26509/ta | Baylor Medical Center Dallas | Pre pay med/exp records - VOIDED | $61.03 |
| 10/23/08 | 26555/ta | Baylor Health Care System | Medical Expense Affidavit | $8.73 |
| 11/10/08 | 26620/ta | PRS of Texas Inv No. 1108-18 | HealthSouth Medical Records | $342.14 |
| | | Baylor Medical Center Dallas | Pre-Pay for Medical Records | $64.81 |
| 05/06/09 | 29684/OA | Dr. Rushing | Expert Fee | $2,500.00 |
| 10/28/09 | 28045/OA | Tarrant County District Clerk | POP/Citation 4; LDM | $482.20 |
| 11/19/09 | 28223/OA | Express Litigation Services | Serv of Def Healthsouth Corp, et al | $185.00 |
| 09/15/10 | *** | Texas Secretary of State | Search Fee | $13.00 |
| 10/12/10 | *** | U.S. Postal Service | CMRRR 7006 2150 0000 2177 5001 | $20.20 |
| 12/22/10 | | Gilbert Mediation Group | Mediation Fee | $1,250.00 |
| 12/29/10 | | Dr. Rushing | Expert Fee | $2,450.00 |
| | | | TOTAL: | $7,382.60 |

Y:\PLAINTIFF FILES\4034 Wright, Hale, Howard\Indexes\costs and expenses.doc

## ASSIGNMENT OF SETTLEMENT AGREEMENT

This ASSIGNMENT OF SETTLEMENT AGREEMENT (including all Schedules hereto, this "Agreement") is made and entered into as of June 11, 2011, by and among Modeso LLC, a New York limited liability company ("Modeso"), and the "Attorney" identified on the Settlement Summary Sheet attached hereto as Schedule A (the "Summary Sheet").

The parties, intending to be legally bound, hereby agree as follows:

1. (a) Attorney hereby represents and warrants to Modeso that: (i) the person identified as the "Claimant" on the Settlement Summary Sheet (the "Claimant") and the defendant, insured, insurer and/or self-insured party identified as the "Defendant" on the Summary Sheet (the "Defendant") have entered into a binding agreement to settle the claim of Claimant against Defendant described on the Summary Sheet (the "Claim") for the Settlement Amount set forth on the Summary Sheet (the "Settlement Amount"); (ii) Attorney has represented Claimant in connection with the Claim; (v) Claimant has directed the Defendant to send all payments in respect of the Settlement Amount to and in the name of Attorney for the benefit of Claimant, and Attorney has agreed to accept all such payments; and (iv) the aggregate amount of all fees payable to Attorney in respect of the Claim, including, without limitation, Attorney's contingency fee, but excluding reimbursable expenses (the "Attorney Fees") is set forth in Item 2 of Part B of the Summary Sheet. Attorney hereby represents and warrants to Modeso that Attorney has complied with all applicable laws and rules of ethic and professional responsibility governing Attorney's conduct in connection with this Agreement, including making any and all disclosures required by said laws and rules to Claimant, and Attorney assumes full responsibility for Attorney's compliance with any and all said laws and rules.

(b) Attorney hereby absolutely sells, transfers and assigns to Modeso, effective as of the date hereof, all of its right, title and interest in and to the portion of the Attorney Fees set forth on Part D of the Summary Sheet (the "Assigned Amount"), which represents a percentage of the Settlement Amount equal to the percentage set forth on Part D of the Summary Sheet (the "Assigned Percentage"), and the right to receive the Assigned Amount. The Assigned Percentage shall not exceed the percentage of the Settlement Amount represented by the Attorney Fees. Attorney hereby acknowledges that this Section 1(b) constitutes an absolute transfer and assignment of its rights to the Assigned Amount and is not to be deemed to be a loan by Modeso to be repaid out of the Assigned Amount.

(c) In consideration of Attorney's sale, transfer and assignment to Modeso of its right, title and interest in and to the Assigned Amount and the right to receive the Assigned Amount, and in reliance on the representations and warranties of Attorney set forth in Section 6, Modeso hereby agrees to pay to Attorney the amount specified as consideration on the Summary Sheet (the "Consideration"). The Consideration shall be paid to Attorney by check or by wire transfer in accordance with the election made by Attorney on the Summary Sheet. Attorney acknowledges that if payment by wire transfer is elected, the Consideration shall be reduced by a $25.00 processing fee for such wire transfer.

2. Within three days after the execution of this Agreement by all parties, completion by Attorney of the Summary Sheet and Schedules B and E hereto, and review by Attorney of Part D of Schedule A, as completed by Modeso, Modeso shall deliver to Attorney the amount of the Consideration in the manner of payment elected pursuant to Section 1(c).

3. The gross amount of all Assigned Payments (as defined in Section 4(a)) shall be transferred to Modeso in accordance with Section 4(a) without deduction for any costs or expenses

(including, without limitation, the costs or expenses described above or any costs or expenses relating to any liens to which Attorney or the Settlement Amount may be subject).

4. (a) Attorney shall cause a percentage of all payments from Defendant or its agents, insurers or representatives in respect of the Settlement Amount equal to the Assigned Percentage (any such percentage payment, an "Assigned Payment") to be immediately deposited into an escrow account or trust account, as applicable, maintained by Attorney (the "Escrow Account"). Upon clearance of the Assigned Payment in the Escrow Account, Attorney shall immediately cause the full amount of such Assigned Payment to be transferred to Modeso by Attorney's escrow check drawn on the Escrow Account payable to "Modeso LLC."

(b) Attorney hereby agrees and acknowledges that any Assigned Payment received by it shall be the exclusive property of Modeso and that such Assigned Payment shall be held by Attorney for the benefit of Modeso as escrow agent for Modeso. Modeso hereby appoints Attorney its true and lawful attorney-in-fact and agent, with full power of substitution and re-substitution, for Modeso and in Modeso's name, place and stead, in any and all capacities, to take all such actions and execute all such agreements and other documents as Attorney may deem necessary or advisable in order to: (i) receive, endorse and deposit into the Escrow Account all Assigned Payments; and (ii) transfer all Assigned Payments to Modeso in accordance with Section 4(a). The power of attorney granted hereby shall be revocable upon written notice to Attorney from Modeso. From time to time, Modeso may request the Attorney to provide, and the Attorney shall promptly provide to Modeso upon any such request, status of the Claim and of any payments of the Settlement Amount and any other matters reasonably related to Modeso's receipt of the Assigned Amount hereunder.

(c) Notwithstanding anything to the contrary in this Agreement, Modeso agrees that, subject to Section 7 and provided that Attorney shall have taken no action to forgive any portion of the Attorney Fees or waive Defendant's obligation in respect of any portion thereof: (i) Attorney shall not be obligated to transfer to Modeso any amount in excess of the aggregate Assigned Payments actually received by Attorney; and (ii) Attorney shall not be personally liable to Modeso in the event such actual Assigned Payments are less than the Assigned Amount.

5. Attorney and each of his, her or its heirs, legal representatives, trustees, estate, partners and affiliates, as applicable (collectively, the "Attorney Releasors"), hereby release and forever discharge each of Modeso, and its respective predecessors, successors, subsidiaries, affiliates and parent corporations, as applicable, as well as the present and past officers, present and past employees, agents, partners, shareholders, directors, attorneys (other than itself), insurers, sureties, successors and assigns, as applicable, of each of the foregoing (collectively, the "Attorney Released Parties"), from any and all claims, demands, suits, liabilities, obligations, damages and judgments, in law or equity, known or unknown, including attorneys' fees related thereto (collectively, "Damages"), which, against the Attorney Released Parties, the Attorney Releasors have, had or may have at any time arising out of or in respect of the Claim, and the Settlement Amount or any portion thereof.

6. Attorney hereby further represents and warrants to Modeso that: (i) all information and responses to questions provided by it in Parts A through C of the Summary Sheet, and all information provided in Schedule B and Schedule E attached hereto, provide all of the requested information and are complete and accurate; (ii) except as described on the Schedule of Liens attached hereto as Schedule B, it holds valid and exclusive title to all Attorney Fees, free and clear of all claims, liens and encumbrances; (iii) attached hereto as Schedule C is a true, complete and correct copy of Claimant's release of the party against whom it holds the Claim (the "Release"), which release, together with all other documents required by such party in connection with such release and settlement, has been approved and accepted by

such party and by Defendant; (iv) pursuant to the Release, the Defendant is obligated to pay, and will pay, Claimant the full amount of the Settlement Amount in respect of the Claim; (v) attached hereto as Schedule D is a true, complete and correct copy of Attorney's Retainer Agreement with Claimant in respect of the Claim, as executed by Attorney and Claimant; (vi) attached hereto as Schedule E is a complete and accurate list and description of all Attorney disbursements and other reimbursable expenses in connection with the Claim to be reimbursed to Attorney (whether on Attorney's own behalf or on behalf of one or more third-party providers) out of the Settlement Amount; and (vii) the attorneys representing Claimant on behalf of Attorney are duly licensed to practice law and are admitted to and in good standing with the bar of each state for which such admission and good standing are required in connection with their representation of Claimant. Attorney hereby represents and warrants to Modeso that neither (i) the issuance of the full Settlement Amount from the Defendant, or any person or entity acting on the Defendant's behalf, nor (ii) Attorney's receipt and complete distribution of the full Settlement Amount, are subject to, or conditional upon, the review, approval, authorization, and/or order of any third-party, including but not limited to any court, judicial and/or administrative body (each and collectively, a "Third-Party Approval"). Attorney hereby represents and warrants to Modeso that (i) there are no impediments, arising either from any claims, liens or encumbrances or from any required Third-Party Approval, which would delay the issuance and/or disbursement of the full Settlement Amount, and, (ii) any and all liens, claims and encumbrances on the Claim and/or the Settlement Amount have been disposed of and will not delay the issuance and/or disbursement of the full Settlement Amount.

7. Attorney hereby agrees that it shall defend, hold harmless and indemnify Modeso, and its respective officers, directors, agents, Affiliates successors and assigns (collectively, the "Indemnitees") from and against all Damages that any such person or entity may incur or be subjected to arising out of or based upon any breach by Attorney of its representations and warranties hereunder. Notwithstanding the foregoing, the indemnification provided hereunder shall be contingent upon Attorney's receipt of reasonably prompt notice, information and assistance with respect to such claim or action and the defense or permissible settlement thereof from the Indemnitees seeking indemnification in respect thereof pursuant to this Section 7, but any such failure to provide prompt notice, information or assistance shall diminish the rights of the Indemnitees hereunder only to the extent that Attorney was actually prejudiced thereby.

8. All notices, consents, demands, and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be considered properly given or made when delivered to the recipient in person, by mail or by facsimile transmission: (a) if to Modeso, to: Modeso LLC, 76 Mamaroneck Avenue, Suite 22, White Plains, New York 10601; or in accordance with such other contact information as Modeso may have designated by notice in writing to the other parties; and (b) if to Attorney, in accordance with the contact information set forth on the Summary Sheet, or in accordance with such other contact information as Attorney may have designated by notice in writing to Modeso.

9. This Agreement shall terminate upon receipt by Modeso of the full amount of the Assigned Amount pursuant to Section 4(a); provided that the provisions of Sections 5, 7 and 12 shall survive the termination of this Agreement.

10. This Agreement contains the entire agreement, and supersedes all prior agreements and understandings, oral or written, between the parties with respect to the subject matter hereof. This Agreement may not be changed, modified, extended or terminated except upon written amendment duly approved in writing by each of the parties.

11. This Agreement shall inure to the benefit of, and shall be binding upon, the parties and their respective successors, permitted assigns, heirs and legal representatives. The rights and obligations

of a party hereunder may not be transferred or assigned without the prior written approval of the other party and any such unapproved transfer or assignment shall be void and without effect.

12. All questions pertaining to the validity, construction, execution and performance of this Agreement shall be governed by and construed in accordance with the internal procedural and substantive laws of the State of New York applicable to agreements made and to be performed entirely within such State. Except as otherwise prohibited by applicable law, the parties hereby submit to the exclusive jurisdiction of the courts of the State of New York sitting in New York County in connection with the adjudication of any controversy or claim arising from, out of or relating to, this Agreement or the breach hereof. Each party hereby waives any objection it may now or hereafter have as to the venue of any proceeding brought in any such court in connection herewith or that any such court is an inconvenient forum. In the event of any dispute under or arising out of this Agreement, if Modeso is the prevailing party in such dispute, Modeso shall be entitled to recover, in addition to any damages and/or other relief that may be awarded, its reasonable costs and expenses (including reasonable attorneys' fees) incurred in connection with prosecuting or defending the subject dispute.

13. This Agreement may be executed in one or more copies, all of which constitute, and shall be construed as, a single instrument upon delivery and exchange of all copies by the parties. The exchange of copies of this Agreement and of signature pages hereto by facsimile transmission will constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be duly executed and delivered as of the date first written above.

Modeso LLC

By:_____
   Name:_____
   Title:_____

**ATTORNEY ACKNOWLEDGES READING THIS AGREEMENT (INCLUDING THE SUMMARY SHEET AND THE OTHER SCHEDULES HERETO) BEFORE SIGNING IT AND RECEIVING A FULLY COMPLETED COPY OF THIS AGREEMENT (INCLUDING THE SUMMARY SHEET AND THE OTHER SCHEDULES HERETO).**

ATTORNEY:

_The Corea Firm, PLLC_
Name of Law Firm

By:_____[signature]_____
   Name: _Thomas M. Corea_
   Title: _Managing Member_

STATE OF _Texas_ )
COUNTY OF _Dallas_ )

Be it remembered that on this _19th_ day of _January_, 20_11_ personally came before me the undersigned, a Notary Public in and for said State duly commissioned and sworn, _Thomas M. Corea_, a _Assignment of Settlement Agreement_ of _The Corea Firm, PLLC_ party to the within and foregoing instrument, who is personally known to me or who has produced the following identification: _TX DL_ ████ _____, and who executed such instrument and represented to me that s/he had the authority to execute same and did, in fact, execute the same. Given under my hand and seal of office the day and year aforesaid.

_____[signature]_____
NOTARY PUBLIC
My Commission Expires: _10·10·11_

[Notary Seal: JOY K. HOVER, My Commission Expires October 10, 2011]

Page 5 of 5

*Schedule C*

[Attach Claimant Release]

Attached Mediation Settlement Agreement and Copy of Lawsuit