UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| THE COREA FIRM, PLLC, and THOMAS M. COREA )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AMERICAN ASSET FINANCE, LLC; )<br>TIMOTHY J. FOLEY; SHERRY FOLEY; )<br>and, FOLEY & FOLEY )<br>)<br>Defendants. )<br>_____) | Case:  3:11-cv-00790<br><br>PLAINTIFFS' MOTION TO REMAND<br>AND<br>MEMORANDUM OF LAW IN SUPPORT<br>OF PLAINTIFFS' MOTION TO REMAND |

COMES NOW, the Plaintiffs, THE COREA FIRM, PLLC and THOMAS M. COREA ("Plaintiffs"), by and through undersigned counsel, and hereby files this Motion for Remand and Incorporated Memorandum of Law, and as grounds therefore states as follows:

1. Plaintiffs filed their Petition in County Court at Law Number One in and for Dallas County, Texas, Case No. cc-11-2054-a regarding violations of Texas Usury Laws, violations of the DTPA and various Texas state law tort claims based upon business interference and libel/slander against the Defendants AMERICAN ASSET FINANCE, LLC, TIMOTHY J. FOLEY, SHERRY FOLEY and, FOLEY & FOLEY ("Defendants").

2. On April 18, 2011, Defendants filed their Notice of Removal based on diversity of citizenship.

3. For diversity jurisdiction to be available, not only must all adverse parties in the suit be completely diverse in regards to citizenship, but Defendants must also prove that there is at least $75,000.00 in controversy at the time the complaint is removed.

**PLAINTIFFS' MOTION TO REMAND AND MEMEMORNADUM ON SUPPORT**     Page 1 of 6

4. Plaintiffs assert, as of the day of filing this Motion for Remand, all known actual incurred compensatory extra contractual damages are less than $75,000. In fact, at Paragraph 11 of Plaintiff's Original Petition, Plaintiffs specifically alleged:

> The subject matter in controversy is within the jurisdictional limits; the amount in controversy involves less than $75,000 and the acts giving rise to this case occurred within Dallas, County, Texas.

Thus, Defendant's contentions that this Court's jurisdictional threshold amount in controversy to support the existence of Diversity Jurisdiction is entirely insufficient on their face. Defendants have not proffered any evidence to show that the jurisdictional amount of this Court has been satisfied. Rather, Defendants merely speculate that the damages exceed $75,000.00 because they choose to invoke the jurisdiction of this Court and, as such, this action should be remanded.

5. Plaintiffs have filed this Motion for Remand within thirty (30) days of Defendants' filing of its Notice of Removal. Therefore, this Motion for Remand is timely.

6. Plaintiffs have incurred attorney's fees and costs in conjunction with the filing of this Motion for Remand. If Plaintiffs' Motion for Remand is granted, they respectfully request this Court enter an Order requiring Defendants to pay "just costs and any actual expenses including attorney's fees incurred as a result of the removal." *See* 28 U.S.C. §1447(c).

7. Based on the foregoing facts and the following Memorandum of Points and Authorities, Plaintiffs Respectfully request that this Court issue an Order Of Remand, remanding this case back to the County Court at Law Number One in and for Dallas County, Texas.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' <u>MOTION FOR REMAND</u>

**I.   APPLICABLE FEDERAL STATUTES AND RULE**

Federal Statute 28 U.S.C. §1332, entitled, "Diversity of citizenship; amount in controversy; costs," states, in pertinent part:

> (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> > (1) citizens of different states;
> > (2) citizens of a state and citizens or subjects of a foreign state;
>
> * * *

28 U.S.C. §1332(a) (2008).

United States Code §1447 (2008) entitled, "Procedure After Removal Generally," provides in pertinent part:

> (c)  A motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction of the jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as the result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

28 U.S.C. §1447(c) (2008).

The party removing the case has the burden to establish facts showing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000).  The plaintiff's well-pleaded complaint, not the removal notice, must establish that the case arises under

federal law. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir. 1988). The removal statutes are strictly construed. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). "As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quotations, citations, and omissions omitted).

Defendant's Notice of Removal claims Diversity as its basis for removal. This Court should remand this case to state court because the "amount in controversy" requirement to confer Federal Diversity Jurisdiction in this case is clearly lacking.

## II.   DIVERSITY JURISDICTION DOES NOT EXIST.

In order for a federal court to have diversity jurisdiction over a cause, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Here, Plaintiffs pleaded in their Original Petition, as well as hereby stipulates such to the Court as a matter of record, that the amount in controversy in Plaintiffs' combined claims is less than $75,000. *Plaintiff's Original Petition*, ¶11.

Defendants have the burden of proving that the amount in controversy actually exceeds the jurisdictional amount when the plaintiff did not specify an amount in the complaint. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Of particular relevance is that Texas Rule of Civil Procedure 47(b) prohibits plaintiffs from pleading a specific amount. Tex. R. Civ. P. 47(b). Therefore, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional

amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993).  However, Defendants may only meet this burden in one of two ways. "First, jurisdiction will be proper if it is facially apparent from the plaintiffs' complaint that their claims are likely above $75,000;" *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (internal citations and quotations omitted). Secondly, if the value of the claims is not apparent from the petition, "then the defendants may support federal jurisdiction by setting forth the facts-[either] in the removal petition [or] by affidavit that support a finding of the requisite amount." *Id.* (internal citations and quotations omitted). "Removal, however, cannot be based simply upon conclusory allegations" *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## III.   ENTITLEMENT TO ATTORNEYS' FEES AND COSTS

Plaintiffs' incurred attorneys' fees and costs in conjunction with the preparation of this Motion for Remand.  28 U.S.C. §1447(c), as amended in 1998, provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred result of the removal."   The intent of the statute is to reimburse a party, like Plaintiffs, who have incurred expenses in attacking an insufficient removal.

## IV.   CONCLUSION

Here, Defendants have not met its burden because it is facially apparent that Plaintiffs' claims are under the $75,000 threshold.   Also, Defendants have not set forth facts showing by a preponderance that support a finding over $75,000.   Therefore, diversity does not exist, and this Court should remand.

Respectfully submitted,

**THE COREA FIRM P.L.L.C.**

/S/ Thomas M. Corea

_____

Thomas M. Corea

Texas Bar No. 24037906

The Renaissance Tower

**FORTY FIRST FLOOR**

1201 Elm Street

Dallas, Texas 75270

Telephone: 214.953.3900

Facsimile: 214.953.3901

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 18, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to each counsel of record in this matter

/S/ Thomas M. Corea

_____

Thomas M. Corea