IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE COREA FIRM PLLC and<br>THOMAS M. COREA,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN ASSET FINANCE, LLC,<br>TIMOTHY J. FOLEY, SHERRY L.<br>FOLEY, and FOLEY & FOLEY,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CA NO. 3:11-cv-00790 |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION TO REMAND
AND SUPPORTING MEMORANDUM OF LAW**

American Asset Finance, L.L.C. ("AAF") and Foley & Foley ("F&F"), file this Joint Response to the Plaintiffs' Motion to Remand, together with Supporting Memorandum of Law, and in support would respectfully show as follows:

**Factual/Procedural Background
Relevant to Removal Based on Diversity Jurisdiction and Order of Consideration[1]**

1. This action was removed on April 18, 2011 from the County Court at Law, Dallas, Texas, where it had been filed on March 24, 2011, and numbered as Cause No. cc-11-2054-a.

2. Removal of this action was proper because: (1) there exists a complete diversity of citizenship as between the Plaintiffs and the Defendants, and at the time of removal (2) the amount in controversy exceeded $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) and 1441(a).

---

[1] There are also pending for determination AAF's motion to dismiss for lack of subject matter jurisdiction based upon an exclusive jurisdiction clause and F&F's motion to dismiss for lack of personal jurisdiction.

**DEFENDANTS' JOINT RESPONSE TO MOTION TO REMAND** – Page 1

3. The Plaintiffs were not required to plead a specific amount in controversy in the Texas state court action. TEX. R. CIV. P. 47(b). Accordingly, the Defendants' removal pleading alleged that it was "facially apparent" from the state court petition that the claims exceed $75,000.00 in value because the type of damages asserted must exceed the jurisdictional amount, citing *Allen v. R.H. Oil & Gas Co.,* 63 F.3d 1326, 1336 & n. 16 (5th Cir.1995). The Defendants also pled that if it is not apparent that the monetary requirement is satisfied from the face of the Original Petition, the federal jurisdiction amount in controversy requirement is established by supporting affidavits and documentary evidence, citing *Garcia v. Koch Oil Co. of Texas, Inc.,* 351 F.3d 636, 638-39 (5th Cir.2003).

4. The Defendants supported their Notice of Removal with three affidavits, together with authenticated documentary evidence. *See, Joint Notice of Removal,* Exhibits A – H.

5. Contemporaneously with their removal, each Defendant filed a Motion to Dismiss. AAF seeks dismissal for lack of subject matter jurisdiction based upon an exclusive jurisdiction clause in its agreement with Plaintiffs. F&F seeks dismissal for lack of personal jurisdiction.

6. On the same day that this action was removed, the Plaintiffs filed a Motion to Remand, contending that "all known actual incurred compensatory extra contractual damages are less than $75,000.00." *See, Motion to Remand,* page 2, ¶ 4. While unsupported by any evidence, the Plaintiffs included in the "Memorandum of Law" section of the Motion to Remand a statement that they stipulate the amount in controversy is less than $75,000.00. *See, Motion to Remand,* page 4.

### Response

7. This Court can determine the Defendants' Motions to Dismiss prior to resolving Plaintiffs' Motion to Remand.

8.   Plaintiffs have not controverted 1) the Defendants' demonstration that the claims contained in the Plaintiffs' Original Petition facially exceed $75,000.00, or 2) the Defendants' evidence demonstrating that the value of the claims being litigated exceeds $75,000.00.  The Court should find that the amount in controversy requirement has been established.  The Court should not consider Plaintiffs' post-removal, unsworn statement regarding stipulation.  Defendants incorporate by reference and ask the Court to judicially notice their Joint Notice of Removal filed April 18, 2011, together with its supporting evidence.

9.   Because the amount in controversy has been demonstrated to exceed $75,000.00, and because this Court should not consider Plaintiffs' statement regarding stipulation, the Motion to Remand should be denied.

### Argument and Authority

*Order of Consideration*

This Court can determine the Defendant Foley's Motion to Dismiss prior to resolving Plaintiffs' Motion to Remand.  *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 119 S.Ct. 1563 (1999).  By logical extension, this Court could in its discretion next determine AAF's Motion to Dismiss.  *Id.* at 586 ("dualistic ... system of federal and state courts" allows federal courts to make issue-preclusive rulings about state law in the exercise of supplemental jurisdiction under 28 U.S.C. § 1367).

*Amount in Controversy*

The narrow issue presented by Plaintiffs' Motion is whether the post-removal, unsworn stipulation should be considered by this Court in determining the amount in controversy.  In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), the Supreme Court ruled that district courts must determine whether federal jurisdiction exists at the time of removal, without

referring to subsequent events. In *St. Paul Mercury*, the Supreme Court held that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Id.*, at 289-90. The Supreme Court reasoned that a contrary rule would allow a plaintiff to simply reduce the amount of the claim to defeat federal jurisdiction, making the defendant's supposed statutory right of removal . . . subject to the plaintiff's whim. *Id.,* at 294. Therefore, when the "plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *Id.*, at 285-86. Under *St. Paul Mercury*, a plaintiff may not reduce or change a demand for damages by way of stipulation to defeat diversity jurisdiction.

It is important to note that Plaintiffs were free to but did not file a binding stipulation that they would seek no more than $75,000 in damages with the state court prior to Defendants' removal. While it has been suggested that a binding stipulation if timely filed may have prevented removal, Defendants have found no case squarely on point approving such a tactic. *See DeAguilar v. Beoing Co.,* 47 F. 3d 1404, 1412 (5th Cir. 1995), and s*ee, e.g., Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 430 (7th Cir.1997) (admonishing plaintiffs that want to prevent removal to file such a binding stipulation with the court with their complaint because "once a defendant has removed the case ... later filings [are] irrelevant") (internal quotations and citations omitted). In the case at bar, there is no binding stipulation describing the nature or amount of damages associated with the Plaintiffs' many claims. Instead, Plaintiffs make the following statement regarding stipulation:

> "Here, Plaintiffs pleaded in their Original Petition, **as well as hereby stipulates such to the Court as a matter of record, that the amount in controversy in Plaintiffs' combined claims is less than $75,000**."

*See, Motion to Remand,* page 4 (emphasis supplied).  The Plaintiffs' statement does nothing to clarify the value of their claims or the amount of damages they claim were proximately caused by the conduct complained of in the Original Petition.  Nor does the stipulation statement controvert Defendants' evidence of the amount in controversy.

In *Marcel v. Pool Co.,* 5 F.3d 81 (5th Cir. 1993), the Fifth Circuit considered an appeal involving in part a challenge to the denial of a motion to remand.  In *Marcel,* after defendant's removal, the plaintiff filed an affidavit stating that he:

> "maintains that the plaintiff **stipulates that his claim is not worth the $50,000.00**, exclusive of interest and costs, minimal jurisdictional limit of the Court and that, therefore, the Court herein lacks original jurisdiction over this matter."

*Id.,* at 82 (emphasis supplied).  In opposing remand, the defendant filed evidence outlining the plaintiff's alleged injuries and claims.  *Id.*  The federal district court found that the plaintiff's medical bills were $27,472.60 and that he would only need to be awarded an additional $22,527.40 to exceed the amount in controversy (then $50,000.00), and that the plaintiff had requested exemplary damages.  *Id.*  Having considered that the plaintiff's injuries indicated a possibility he would be awarded significant damages, the district court denied remand despite plaintiff's counsel's reiteration of his proposed stipulation and offer to file an affidavit effecting the stipulation.  *Id.*  The district court in *Marcel* refused to accept a unilateral stipulation.  *Id.*  In the case at bar, involving a very similar "stipulation" as *Marcel*, there is no mutual agreement to remand or limit claims or damages.

There is Fifth Circuit authority for the consideration of post-removal damage affidavits in deciding a motion to remand, but the circumstances are very narrowly limited to situations when the complaint is ambiguous.  *See Asociacion Nacional de Pescadores a Pequena Escala O*


*Artesanales de Colombia v. Dow Quimica de Colombia*, 988 F.2d 559, 565 (5th Cir. 1993) (holding that a post-removal affidavit may be considered when the complaint is ambiguous on damages and the affidavit is unrebutted, and when the defendant's notice of removal only offers conclusory information with respect to the jurisdictional minimum)(hereafter *"ANPAC")*, *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). Because many states prohibit or do not require plaintiffs to plead a specific amount of damages in their complaint, the amount of damages sought is often uncertain or ambiguous. Plaintiffs sometimes file post-removal amended claims, damage affidavits and/or stipulations to "clarify" the amount in controversy is less than $75,000.00. The best policy is that followed in cases like *Marcel, infra*. Unlike *ANPAC*, but like *Marcel*, the Defendants here have provided this Court with affidavits and documentary evidence establishing that the probable value of the Plaintiffs' alleged claims exceeded $75,000.00 at the time of removal, specifically identifying the twenty two causes of action pled, establishing the value of the contract Plaintiffs seek to avoid as $65,000.00, establishing the value of the contracts Defendants are alleged to have interfered with as $75,000.00 and $135,000.00, as well as directing this Court to Plaintiffs' claims for attorney fees, statutory damages for usury and deceptive trade practices, exemplary damages and damages for emotional harm. *See, Joint Notice of Removal,* pages 3-5. Plaintiffs' "stipulation" does nothing to clarify the damages asserted.

    The Fifth Circuit in *Marcel* distinguished *ANPAC* stating:

> "We view *ANPAC* as an unusual case in which the defendant did little to defeat removal. The *only* specific information shedding light upon the plaintiffs' petition, which itself described injuries unlikely to exceed $50,000, was provided by the affidavit tendered by the plaintiffs.
>
> Nothing in *ANPAC* suggests that stipulations or affidavits - from the plaintiffs, their attorneys, or otherwise - always or even usually should be given effect to defeat removal.

> Importantly, the Court in *St. Paul Mercury,* 303 U.S. at 292, 58 S.Ct. at 592, held that "though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."
>
> The affidavit was considered in *ANPAC* only because it "clarif[ied] a petition that previously left the jurisdictional question ambiguous." 988 F.2d at 565. In cases in which, on the other hand, the plaintiff, by whatever means, seeks to reduce, rather than clarify, his demand after removal, the plain language of *St. Paul Mercury* and the rationale of *ANPAC* unequivocally bar remand for want of jurisdictional amount."

*Id.,* at 85.

Because the Plaintiffs proposed stipulation only seeks to reduce or limit damages, rather than clarify, it should be disregarded. In *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir.2000), the plaintiff was shopping in a Wal-Mart store when she slipped and fell in the produce section. *Id.* She filed suit in Louisiana state court, seeking damages for, among other things, medical expenses, physical and mental suffering, loss of wages, and permanent disability. *Id.* Pursuant to Louisiana state law, like Texas law, the plaintiff was prohibited from pleading a specific amount of damages. *Id., citing* LA. CODE CIV. PROC. ANN. 893(A)(1) (West Supp. 2000). The defendant removed the case on the basis of diversity and the plaintiff moved to remand. *Id.,* at 881-82. Along with the remand motion, the plaintiff filed an affidavit stating that her damages were less than $75,000.00. *Id.,* at 882. The district court denied the motion to remand, finding that the "[p]laintiff's [complaint] at the time of removal alleged injuries that exceeded $75,000." *Id.* Based on medical evidence, the plaintiff then filed a motion for reconsideration with a stipulation, stating that her claims did not exceed $75,000.00. *Id.* The district court denied the motion for reconsideration as well, which denial the Fifth Circuit affirmed. *Id.,* at 882 and 884.

The *Gebbia* court recognized that post-removal stipulations may be considered only if the amount of damages sought is ambiguous at the time of removal. *Id.,* at 883. Presumably trying to have her stipulation considered, the plaintiff argued that the amount of damages she sought was unclear because Louisiana law prohibited her from pleading a specific amount of damages. *Id.,* at 881-82. The Fifth Circuit disagreed, holding "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.,* at 883. In *Gebbia*, the petition sought damages for medical expenses, physical and mental suffering, loss of wages, and permanent disability and disfigurement. *Id.* On the basis of these factors, the court held that "[b]ecause it was facially apparent that [p]laintiff's claimed damages exceeded $75,000, the district court properly disregarded [p]laintiff's post-removal affidavit and stipulation for damages . . .and such affidavit and stipulation did not divest the district court's jurisdiction."

Similarly, these Plaintiffs' Original Petition seeks damages for intentional torts, violations of two Texas statutes, breach of contract, as well as to avoid a contract; and Plaintiffs request exemplary, emotional, statutory and other damages, including "presumed" damages, all in "an amount to be proven at trial." *Plaintiffs' Original Petition,* page 27. This Court may determine that the type of damages asserted combined with the value of the contracts sought to be avoided and alleged to have been interfered with, exceed $75,000.00.

## Conclusion

Defendants have provided uncontroverted evidence in their Joint Notice of Removal, incorporated here, that the Plaintiffs' claims are likely above the diversity jurisdictional amount. Plaintiffs' Motion to Remand should be denied.

WHEREFORE Defendants American Asset Finance, L.L.C. and Foley & Foley respectfully pray that the Court deny Plaintiffs' Motion to Remand in all things, and for such other and further relief to which they may be entitled.

May 9, 2011

                                           Respectfully Submitted,

                                           _____/s/ Amy Ganci_____
                                           **AMY B. GANCI,** State Bar No. 07611600
                                           aganci@ganciskinner.com
                                           **ELLEN SKINNER,** State Bar No. 24033075
                                           eskinner@ganciskinner.com

                                           **GANCI & SKINNER, LLP**
                                           3811 Turtle Creek Blvd, Suite 1900
                                           Dallas, Texas 75219
                                           Telephone: (214) 443-6001
                                           Facsimile:  (214) 580-7566

                                           **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2011, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

                                           s/ Amy B. Ganci_____
                                           Amy B. Ganci